UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. McPHERSON,<br>Plaintiff,<br>v.<br>WARDEN ARTHUR GUILLEN,<br>Defendants. | Case No.: 1:26-cv-07047-EGC (PC)<br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS FRIVOLOUS AND FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER AND PRE-FILING RESTRICTIONS**<br>14-Day Objection Period<br>Clerk of the Court to Assign District Judge |

Plaintiff Michael B. McPherson is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. RELEVANT BACKGROUND

The Court declared Michael B. McPherson a vexatious litigant on July 31, 2026, in *McPherson v. Morales*, No. 1:26-cv-04444-KES-EGC (PC) and imposed pre-filing restrictions, including requiring Plaintiff to file a motion requesting leave of court before filing a new civil rights complaint in this Court, and that any motion be accompanied by a declaration under penalty of perjury explaining why Plaintiff believes he has meritorious claims. (1:26-4444, Doc. 12.)

On September 3, 2026, Plaintiff initiated this action by filing a complaint against Arthur Guillen, Warden at the California Substance Abuse Treatment Facility (SATF). (Doc. 1.) The

filing was not accompanied by a motion. Further, a review of the complaint reveals it to be frivolous.

## II. DISCUSSION

### *A. The Instant Complaint Is Frivolous*

#### 1. Screening and Pleading Requirements

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

**2. Description and Analysis**

As noted above, Plaintiff names Arthur Guillen, Warden at SATF, as the sole defendant in this action. He asserts three claims purportedly arising under the First, Eighth, and Fourteenth Amendments. (Doc. 1 at 1-5.) Prompted to "[s]tate the relief" he was seeking, Plaintiff wrote: "As God of Heaven in England, Lord of the Manor, King in United Kingdom over Kingdom in America, King or God Can't Be Paid in Nor of Himself." (*Id*. at 6.)

In Claim I, Plaintiff alleges an Eighth Amendment violation concerning "Officer Gomez,"[1] who conducted a clothed body search on October 17, 2025, inappropriately groped Plaintiff's "behind, as King (God) it is very offensive.'" (Doc. 1 at 3.) Plaintiff also alleges the "warden failed to protect the King" despite prior notice "to intervene" and asserts it is the warden's responsibility to intervene "over the [guards] at the prison" and for the "safety, welfare of all inmates." (*Id*.) Plaintiff alleges his "nature" was injured as a result. (*Id*.)

In Claim II, Plaintiff alleges a First Amendment violation concerning the exercise of his religion. (Doc. 1 at 4.) Specifically, Plaintiff alleges Gomez and the Warden know that he has "been declared God and as God [Plaintiff has] authority to punish sin by death without getting [his] holy nature dirty" because Plaintiff is "thee origin act of [indecipherable], and they are in violation" of his right to exercise his religion "for nothing happening to Officer Gomez and Warden Arthur Guillen." (*Id*.) Plaintiff states that his Bible "declares: 'Thou shall not commit any act upon thou Lord your God, for sin is punished by death.'" (*Id*.) Plaintiff identifies his injury as

[1] "Officer Gomez" is not identified in the caption or listed as a named defendant.

"Nature of religious authority." (*Id.*)

Lastly, in Claim III, Plaintiff asserts a "Fourteenth Amendment violation" for a "Threat to safety." (Doc. 1 at 5.) Plaintiff alleges that "instead of protecting the King their God," neither Gomez nor the Warden "are trying to prevent [ongoing harassment] against the Lord" since Plaintiff was "declared 'King God Lord,' with [his] origin status." (*Id.*) Plaintiff asserts he is not in his "origin establishment." (*Id.*) Next, Plaintiff states: "As God of the universe, I look from the throne to equality; as King of the Law, I look from the throne to justice for all; and as Lord of the Manor, I look from the throne as the Messiah; love and protect all my race, defend my law and protect my land all property within my land, because I am life, liberty, property, and the Bill of Rights because I am the King." (*Id.*) Plaintiff alleges his "nature" was injured as a result. (*Id.*)

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke,* 490 U.S. at 325, 328 (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). "The Court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, No. 2:21-cv-0997-CKD P, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*, 490 U.S. at 327).

A review of Plaintiff's complaint reveals its factual contentions are clearly baseless. 28 U.S.C. § 1915A(b). This Court has repeatedly dismissed Plaintiff's complaints as frivolous, including those involving Plaintiff's claims to being "King" or "God" and closed the actions.[2]

Put simply, Plaintiff's complaint is frivolous because his claims are irrational, fantastical and clearly baseless. *Denton*, 504 U.S. at 32-33; *Neitzke,* 490 U.S. at 325, 328; *Howell,* 2021 WL

---

[2] *See, e.g.*, 1:25-cv-01026-KES-SKO; 1:25-cv-01643-JLT-SAB, 1:25-cv-01888-KES-SAB; 1:26-cv-00707-JLT-CDB; 1:26-cv-00708-KES-EPG; 1:26-cv-03088-KES-BAM; 1:26-cv-03465-JLT-BAM; 1:26-cv-03466-KES-EPG; 1:26-cv-03497-KES-BAM; 1:26-cv-04156-KES-EGC; 1:26-cv-04157-JLT-HBK; 1:26-cv-04158-JLT-BAM; 1:26-cv-04159-JLT-EGC; 1:26-cv-04161-JLT-CDB. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").

3602139, at *1. And because Plaintiff's complaint is frivolous, granting Plaintiff leave to amend his complaint would be futile. *See Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Therefore, the undersigned will recommend this action be dismissed.

### *B. As a Vexatious Litigant, Plaintiff Failed to Comply with the Pre-Filing Restrictions Imposed July 31, 2026*

As noted above, Plaintiff was declared a vexatious litigant on July 31, 2026, in *McPherson v. Morales*, No. 1:26-cv-04444-KES-EGC (PC). The following pre-filing conditions were imposed on that date:

> a. Plaintiff is required to file a motion requesting leave of court before filing any new civil rights complaint (42 U.S.C. § 1983) in the United States District Court for the Eastern District of California. Such a motion must include a copy of this order; and
>
> b. Any motion requesting leave of court before filing any new civil rights complaint shall also be accompanied by a declaration under penalty of perjury explaining why plaintiff believes he has meritorious claims.

(*See* 1:26-4444, Doc. 12 at 2.) Despite the pre-filing conditions, in the instant action filed September 3, 2026, Plaintiff did not file a motion requesting leave to file a new civil rights complaint nor did he include a declaration under penalty of perjury explaining why he believes his claims are meritorious. (*See* Docket, generally.) Therefore, Plaintiff has failed to comply with the pre-filing restrictions imposed on July 31, 2026.

In determining whether to dismiss an action as a sanction, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

As concerns the first factor, "[t]he public's interest in expeditious resolution of litigant always favors dismissal." *Yourish v. Cal. Amplifier*, 101 F.3d 983, 990 (9th Cir. 1999). Therefore, the public interest weighs in favor of imposing terminating sanction against Plaintiff for his failure to comply with the pre-filing restrictions.

As concerns the second factor, district court have inherent authority to manage their

dockets without being subject to non-compliant litigants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) This Court is one of the busiest district courts in the nation and all judges carry heavy caseload.[3] Therefore, the Court's interest in managing its docket weighs in favor of sanctions. *See also Gonzales v. Mills*, No. 1:09-cv-1549 AWI DLB, 2011 WL 976713, at *5 (E.D. Cal. Mar. 16, 2011) (finding the court's need to manage its "overly congested" docket favored terminating sanctions).

As concerns the third factor, the risk of prejudice to defendants also weighs in favor of dismissal because defendants clearly suffer prejudice from Plaintiff's vexatious litigation. *Anderson v. Air W, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also* n.2, *ante*.

As concerns the fourth factor, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 (9th Cir. 1978); *Ferdik*, 963 F.2d at 1262. The Court need issue only one warning that sanctions may be imposed to satisfy this requirement. *Id*. In the Order to Show Cause issued June 12, 2026, in case number 1:26-cv-04444, Plaintiff was warned: "**Any failure by Plaintiff to comply with this Order may result in a recommendation that this action be dismissed pursuant to Local Rule 110.**" (1:26-4444, Doc. 6 at 6, emphasis in original.) In the Order issued July 31, 2026, in that same action, the Court declared Plaintiff "a vexatious litigant subject to the pre-filing conditions set forth below, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent power to regulate abusive litigation …." (1:26-4444, Doc. 12 at 2.) Thus, the undersigned finds Plaintiff was adequately warned he must comply with court orders and the pre-filing conditions imposed upon him as a vexatious litigant. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 133. Further, there is "no lesser sanction available given [Plaintiff's] history of vexatious litigation." *Smith v. Fresno State Police*, No. 1:26-cv-03582 KES FJS, 2026 WL 1329742, at *2 (E.D. Cal. May 13, 2026).

Lastly, as concerns the fifth factor, although public policy weighs against dismissal, it lends little support "to a party whose responsibility it is to move a case forward toward

[3] *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.

disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig*., 460 F.3d 1217, 1228 (9th Cir. 2006). Here, the other *Henderson* factors outweigh this fifth factor due to Plaintiff's repeated frivolous filings and inability to comply with court orders. *Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other factors"); *Smith*, 2026 WL 1329742, at *2 (fifth factor "outweighed by the other *Henderson* factors").

## III. ORDER AND RECOMMENDATIONS

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, the undersigned **HEREBY RECOMMENDS** that:

1. This action be **DISMISSED** as frivolous; and/or
2. This action be **DISMISSED** for Plaintiff's failure to comply with the pre-filing conditions applicable to him as a declared vexatious litigant; and
3. Any pending deadlines or motions be terminated and this action be closed.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE